**25-2102**
**25-2230**

## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

### KENNETH HUNT - APPELLEE

### VS.

**DALE ACOSTA, Mariana Police Officer, Individual and Official Capacity**
**MARTIN WILSON, Chief of Police, Individual and Official Capacity, et al.**
**APPELLANTS**

**Appeal from the United States District Court**
**for the Eastern District of Arkansas – Delta Division**

**Honorable D. PRICE MARSHALL – District Judge**

### REPLY BRIEF OF APPELLEE/CROSS APPELLANT
### KENNETH HUNT

Austin Porter Jr., No. 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com
Attorney for Appellee

<u>SUMMARY OF CASE</u>

Dale Acosta and the City of Marianna, et al., took an interlocutory appeal, which was mostly affirmed. *See* <u>Kenneth Hunt v. Dale Acosta</u>, 109 F.4th 1003 (8th Cir. 2024). This case was finally tried to a jury on the dates of January 14-15, 2025, which resulted in a verdict in favor of the Appellee Kenneth Hunt. The jury awarded Mr. Hunt compensatory damages in the amount of $25,000.00 and punitive damages in the amount of $15,000.00. A judgment was entered on the jury verdict on January 16, 2025.

The appellant Dale Acosta brings this appeal challenging the Court's ruling on attorney's fees. [**App. 354; R. Doc. 96, at 1**]. On May 21, 2025, Kenneth Hunt filed a Motion for Relief of the Order asking the Court to reconsider its Order on attorney's fees and costs. [**App. 358-417 R. Doc. 97-99, at 1**]. On June 17, 2025 the Court denied Hunt's motion for relief from the Order. [**App. 422; R. Doc. 105, at 1**]. On June 17, 2025, Mr. Hunt filed a Notice of Cross Appeal challenging the Court's ruling on attorney fees, more specifically the reduction of the requested hourly rate. [**App. 424; R. Doc. 106, at 1**].

Mr. Hunt also requests that this case be submitted for oral arguments, and that each side be afforded fifteen (15) minutes.

Appellate Case: 25-2230    Page: 2    Date Filed: 02/02/2026 Entry ID: 5603440

## TABLE OF CONTENTS

SUMMARY OF THE CASE …………………………………………. i

TABLE OF CONTENTS …………………………………………….. ii

TABLE OF AUTHORITIES …………………………………… iii

JURISDICTIONAL STATEMENT …………………………….. 1

STATEMENT OF THE ISSUES …………………………….. 4

STATEMENT OF THE CASE …………...…………………….. 5

SUMMARY OF THE ARGUMENT ………………………………… 7

ARGUMENT …………………………………………………. 8

CONCLUSION ………………………………………………….. 22

CERTIFICATE OF SERVICE ……………………………………….. 23

VERIFICATION ………………………………………………… 24

CERTIFICATE OF COMPLIANCE …………………………… 24

Appellate Case: 25-2230    Page: 3    Date Filed: 02/02/2026 Entry ID: 5603440

<u>TABLE OF AUTHORITIES</u>

<u>CASES:</u>                                                                                                    <u>PAGE</u>

*Casey v. City of Cabool, Mo.*, 12 F.3d 799 (8th Cir. 1993) ……….…….…    15-16

*Dean v. Riser*, 240 F.3d 505 (5th Cir. 2001) ……………..……………..    11

*Gerling v. Waite*, WL 558083 (E.D.Mo. 24 Feb. 2022) ………………….    14

*Harmon v. City of Kansas City, Missouri*, 197 F.2d 321 (8th Cir. 1999) …    8

*Hendrickson v. Branstad*, 934 F.2d 158 (8th Cir. 1991) …………………    25

*Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L.Ed.2d 40, 50,
    103 S.Ct. 1933 (1983) …………………………………………..    23

*Jenkins by Jenkins v. State of Missouri*, 115 F.3d 554 (8th Cir. 1997) …    8

*Johnson v. Jones*, 515 U.S. 304, 309, 132 L.Ed.2d 238, 244,
    115 S.Ct. 2151 (1995) …………………………………………    19

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1975) ..    12-13

*McDonald, et al. v. Armontrout, et al.*, 860 F.2d 1456 (8th Cir. 1988) …..    8, 13

*Mincehella v. Brantley*, United States District Court No. 2:24-cv-12680
    (E. D. Michigan Oct. 2025) ………………………………...    20-21

*Pennsylvania, et al. v. Delaware Valley Citizens' Council, for Clean Air, et al.*
    476 U.S. 546, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986) ………    15, 18, 19-20

*Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770 (8th Cir. 2000) ……………    17

*Woodford v. Community Action Agency, Green County*, 239 F.3d 517
    (2nd Cir. 2001) …………………………………………………    11-17

Appellate Case: 25-2230    Page: 4    Date Filed: 02/02/2026 Entry ID: 5603440

## JURISDICTIONAL STATEMENT

A.    Federal Court Jurisdiction

This cause of action was brought pursuant to 42 U.S.C.S. § 1983.  Federal court jurisdiction was invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391.  Kenneth Hunt brought this cause of action contending that his Fourth Amendment rights were violated when he was arrested without probable cause on January 28, 2019 at the Lee County Courthouse, when he was waiting to testify in a criminal case.  Therefore, since Mr. Hunt's cause of action raised federal questions, the district court has original jurisdiction over this matter.

When the District Court denied the defendants' motion for summary judgment based on qualified immunity, Dale Acosta and the other defendants appealed.  This Court affirmed in part and reversed in part the district court's summary judgment ruling.  *See* Kenneth Hunt v. Dale Acosta, 109 F.4th 1003 (8th Cir. 2024).  This case was finally tried to a jury on the dates of January 14-15, 2025, which resulted in a verdict in favor of the Appellee Kenneth Hunt.  The jury awarded Mr. Hunt compensatory damages in the amount of $25,000.00 and punitive damages in the amount of $15,000.00.  A judgment was entered on the jury verdict on January 16, 2025.

Appellate Case: 25-2230    Page: 5    Date Filed: 02/02/2026 Entry ID: 5603440

B.     Appellate Court Jurisdiction

Acosta filed an appeal in reference to the jury verdict.  That case is pending before this Honorable Court.  *See* Hunt v. Acosta, United States Court of Appeals for the Eighth Circuit, Case No. 25-1322.  The appellant Dale Acosta brings this appeal challenging the Court's ruling on attorney's fees.  [**App. 354; R. Doc. 96, at 1**].   Acosta files this appeal in reference to the Court's ruling on attorney's fees.  Hunt filed a cross-appeal in reference to the Court's ruling on attorney's fees – specifically undersigned counsel's hourly rate.

On May 21, 2025, Kenneth Hunt filed a *Motion for Relief of the Order* asking the Court to reconsider its Order on attorney's fees and costs.  [**App. 358-417 R. Doc. 97-99, at 1**].  On June 17, 2025 the Court denied Hunt's motion for relief from the Order. [**App. 422; R. Doc. 105, at 1**].  On June 17, 2025, Mr. Hunt filed a Notice of Cross Appeal challenging the Court's ruling on attorney fees. [**App. 424; R. Doc. 106, at 1**].  In that the June 17, 2025 decision of the district court was a final decision, which brought this matter to a close, the appellant appeals to this honorable court pursuant to 28 U.S.C. § 1291.  Mr. Hunt also cross appeals.

C.     Timeliness

As established herein, the parties filed timely notices of appeals.  Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, a party desiring to appeal a final decision of the district court, must file a Notice of Appeal within thirty (30) days of

2

the entry of the order being appealed from.  On June 17, 2025, the appellee/cross-appellant filed a Notice of Cross Appeal with the district court clerk, which was done within the proscribed thirty (30) day limit. (**App. 424, R. Doc. 106, at 1)**.

D.  <u>Appealability</u>

The Order addressing the issue of attorney's fees and the motion for relief of the order, which was entered on June 17, 2025, is a final order which disposed of all claims as raised by the parties.

Appellate Case: 25-2230    Page: 7    Date Filed: 02/02/2026 Entry ID: 5603440

## STATEMENT OF THE ISSUES

I.    **THE DISTRICT COURT COMMITTED REVERSIBLE ERROR WHEN IT LIMITED THE HOURLY RATE OF COUNSEL FOR KENNETH HUNT TO $350.00.**

*Casey v. City of Cabool, Mo.*, 12 F.3d 799 (8th Cir. 1993)

*Pennsylvania, et al. v. Delaware Valley Citizens' Council, for Clean Air et al.*, 476 U.S. 546, 559-560, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986).

*Gerling v. Waite*, WL 558083 (E.D.Mo. 24 Feb. 2022)

4

STATEMENT OF THE CASE

Procedural History

Kenneth Hunt filed his *pro se* complaint on January 25, 2022, contending that Dale Acosta, who was a police officer for the City of Marianna, Arkansas, subjected Mr. Hunt to an unreasonable seizure in violation of his Fourth Amendment rights to the United States Constitution. Acosta and the City filed a motion for summary judgment, contending that they were entitled to qualified immunity. The trial court denied the motion, and Acosta and the City of Marianna, et al., appealed.

Dale Acosta and the City of Marianna, et al., took an interlocutory appeal, which was mostly affirmed. *See* Kenneth Hunt v. Dale Acosta, 109 F.4th 1003 (8th Cir. 2024). This case was finally tried to a jury on the dates of January 14-15, 2025, which resulted in a verdict in favor of the Appellee Kenneth Hunt. The jury awarded Mr. Hunt compensatory damages in the amount of $25,000.00 and punitive damages in the amount of $15,000.00. A judgment was entered on the jury verdict on January 16, 2025.

The appellant Dale Acosta brings this appeal challenging the Court's ruling on attorney's fees. [**App. 354; R. Doc. 96, at 1**]. On May 21, 2025, Kenneth Hunt filed a Motion for Relief of the Order asking the Court to reconsider its Order on attorney's fees and costs. [**App. 358-417 R. Doc. 97-99, at 1**]. On June 17, 2025 the Court denied Hunt's motion for relief from the Order. [**App. 422; R. Doc. 105,**

5

**at 1**].  On June 17, 2025, Mr. Hunt filed a Notice of Cross Appeal challenging the

Court's ruling on attorney fees. [**App. 424; R. Doc. 106, at 1**].

6

## SUMMARY OF THE ARGUMENT

On cross appeal, Hunt argues that the judge abused his discretion by reducing the hourly rate request to $350.00 rather than the customary hourly rate of $425.00 that counsel requested. The district court judge failed to take into consideration the skill level of undersigned counsel, the experience, reputation and ability of the attorneys, the results obtain, as well as other factors such as inflation.

Acosta as well as the district court judge take the position that counsel for Hunt should be limited to $350.00 per hour, which is a rate that he was initially awarded on October 30, 2017 in the case of Sylvia Perkins, et al. v. Joshua Hastings, et al., United States District Court No. 4:15-CV-00310.[1] As demonstrated in Mr. Hunt's opening brief and cross appeal and in this reply brief, to limit counsel for civil rights litigants to a rate that has been in place since 2017, would defeat the purpose of the fee shifting statute.

---

[1] Keith Wren defended Mr. Hastings in this case.

7

Appellate Case: 25-2230    Page: 11    Date Filed: 02/02/2026 Entry ID: 5603440

<u>ARGUMENT</u>

A.      <u>Standard of Review</u>

Dale Acosta's chief argument is that counsel for Kenneth Hunt should be limited to an hourly rate that was initially awarded back in 2017, in a case that he defended.  "Because an award of attorney fees is 'uniquely [within] the district court's discretion,' the scope of our review in an attorney fees dispute is limited.  We will not overturn a fee award 'absent an abuse of discretion or an error in implementing the governing legal standards."  <u>McDonald, et al. v. Armontrout, et al.</u>, 860 F.2d 1456, 1458 (8th Cir. 1988), *quoting*, <u>Wilmington v. J. I. Case Co.</u>, 793 F.2d 909, 923 (8th Cir. 1986). *Accord*, <u>Moore v. City of Des Moines</u>, 766 F.2d 343, 346 (8th Cir. 1985, *cert. denied* 474 U.S. 1060, 106 S.Ct. 805, 88 L.Ed.2d 781 (1986).

> We review a district court's decision whether to award attorney's fees for abuse of discretion.  Title 42 of the United States Code § 1988 provides in pertinent part that in a § 1983 action, 'the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.' 42 U.S.C. § 1988.  The decision to award attorney's fees under that statute rests with the broad discretion of the district court and will not be reversed absent an abuse of discretion.

<u>Harmon v. City of Kansas City, Missouri</u>, 197 F.2d 321, 328-329 (8th Cir. 1999), *citing*, <u>Jenkins v. Missouri</u>, 127 F.3d 709, 713 (8th Cir. 1997); *see also*, <u>Thompson v. Wal-Mart Stores, Inc.</u>, 472 F.3d 515, 516 (8th Cir. 2006).

## I.    THE DISTRICT COURT COMMITTED REVERSIBLE ERROR WHEN IT LIMITED THE HOURLY RATE OF COUNSEL FOR KENNETH HUNT TO $350.00.

Hunt's counsel submitted a request for an hourly rate of $425.00. However, the court denied this request, limiting counsel to his old hourly rate of $350.00 that he was initially awarded on October 30, 2017. On March 5, 2025, Hunt submitted his second amended motion for attorney's fees and costs. [**App. 301, R. Doc. No. 89, at 1-4**]. Counsel for Mr. Hunt detailed his experience and his previous work in his affidavit, stating that his customary hourly rate was $350.00 per hour for those previous cases. [**App. 301, R. Doc. No. 89-1, at 1-9**]. In counsel's affidavit, he avers that on October 30, 2017, he was awarded an hourly rate of $350.00 in the case of <u>Sylvia Perkins, et al. v. Joshua Hastings, et al</u>., United States District Court No. 4:15-CV-00310. Undersigned counsel also averred that he was awarded an hourly rate of $350.00 on May 31, 2018, in the case of <u>Adrian Bryant v. Jeffery Sand Company</u>, United States District Court No. 4:16-CV-0509 BSM. This hourly rate of $350.00 was upheld by this Court. *See* <u>Adrian Bryant v. Jeffery Sand Co</u>., 919 F.3d 520, 529 (8th Cir. 2019). [**App. 311, R. Doc. No. 89-1, at 7**].

On July 23, 2018, undersigned counsel was awarded an hourly rate of $285.00 by The Honorable Price Marshall; counsel had requested his customary hourly rate of $350.00, but Judge Marshall refused despite stating that "[M]r. Porter is a gifted, skilled, and experienced lawyer." The Court noted that Mr. Ridgell's success

9

"wasn't across the board."  The jury ruled in favor of Mr. Ridgell's race claim, but not the retaliation claim. *See* <u>Albert Ridgell v. The City of Pine Bluff, Arkansas, et al.</u>, United States District Court No. 5:16-CV-00073 DPM [**App. 311-312**, **R**. **Doc. No. 89-1, at 7-9**][2].

On May 2, 2019, undersigned counsel was also awarded his customary hourly rate of $350.00 by the Eighth Circuit Court of Appeals.  *See* <u>Adrian Bryant v. Jeffrey Sand Company</u>, 919 F.3d 520, 529 (8th Cir. 2019).  In June 2020, in the case of <u>Doris Smith v. Department of Finance and Administration</u>, United States District Court No. 4:17-CV-00857 JM, undersigned counsel requested an hourly rate of $350.00, which was not opposed, and the defendant agreed to pay the jury verdict of $331,333.81, fees, and other requested equitable relief.  In the case of <u>Dr. Kimberly Adams v. The City of Little Rock, Arkansas</u>, United States District Court No. 4:19-CV-0440 LPR, which was a mixed motive case, undersigned counsel was awarded an hourly rate of $350.00, which was upheld by the Eighth Circuit Court of Appeals in an unpublished opinion.  [**App. 312**, **R**. **Doc.  No. 89-1, at 8**].

Undersigned counsel was initially awarded the hourly rate of $350.00 since October 2017.  Although undersigned counsel requested his customary hourly rate of $425.00 per hour, the Court agreed with Acosta's counsel who argued that

---

[2] The Eighth Circuit reversed the jury verdict in this case *in toto*.  *See* <u>Albert Ridgell v. The City of Pine Bluff, Arkansas, et al.</u>, 935 F.3d 633 (8th Cir. 2019).

Appellate Case: 25-2230     Page: 14     Date Filed: 02/02/2026 Entry ID: 5603440

$425.00 per hour was too high. "The Court agrees with Acosta that the proposed rate of $425/hour is a tad high for this kind of work in the Eastern District of Arkansas. A rate of $350 is reasonable, which is what Hunt's lawyer has been awarded for the past few years here." [**App. 355, R. Doc. No. 96, at 2**].

"Congress considered vigorous enforcement to vindicate civil rights a high priority and entrusted plaintiffs to effectuate this policy. . . Therefore, a prevailing plaintiff is deserving of an award of attorney's fees because they are assessed against a 'violator of federal law.'" Dean v. Riser, 240 F.3d 505, 507 (5th Cir. 2001), *quoting*, Christianburg Garment Co. v. EEOC, 434 U.S. 412, 98 S. Ct. 694, 54 L.Ed.2d 648 (1978).

> 'The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.' *Kerr v. Quinn*, 692 F.2d 875, 877 (2nd Cir. 1982). 'If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.' S.Rep. No. 94-1011, at 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910.

Woodford v. Community Action Agency, Green County, 239 F.3d 517, 525 (2nd Cir. 2001); *see also* Goss v. City of Little Rock, Arkansas, 151 F.3d 861, 865 (8th Cir. 1998), *quoting*, City of Riverside v. Rivera, 477 U.S. 561, 578, 106 S. Ct. 2686, 91 L.Ed.2d 466 (1986).

11

Appellate Case: 25-2230     Page: 15     Date Filed: 02/02/2026 Entry ID: 5603440

In keeping undersigned counsel at an hourly rate that he was first awarded back in 2017, the Court in essence has not taken into account the experience of undersigned counsel, the market rate, and inflation. Again, in September 2016, undersigned counsel was awarded an hourly rate of $325.00. According to the Bureau of Labor Statistics CPI Inflation Calculator, that 2016 hourly rate has the same buying power as of December 2024 that is equal to a rate of $424.85 per hour, which rounds off to $425.00 per hour.[3] Therefore, the appropriate hourly rate for undersigned counsel, with thirty-nine (39) years of trial practice is $425.00 per hour. Also, according to the United States Bureau of Labor Statistics, this $350.00 hourly rate in May 2018 is equivalent to $439.06 as of December 2024.

The Honorable Lee P. Rudofsky used this same method of calculation to calculate an appropriate hourly rate for undersigned counsel in the case of Kimberly Adams v. The City of Little Rock, Arkansas, United States District Court No. 4:19-CV-00440 LPR. This was upheld by way of *per curiam* by the Eighth Circuit Court of Appeals in an unpublished opinion. *See* Kimberly Adams, Ph.D. v. The City of Little Rock, Arkansas, United States Court of Appeals for the Eighth Circuit No. 23-3299. Undersigned counsel has an extensive appellate court record, with 15 wins and 5 losses.[4] [**App. 315, R. Doc. No. 89-2, at 1-2**].

---

[3] https://www.bls.gov/data/inflation_calculator.htm
[4] Undersigned counsel is going about 20 years; this is not an exhaustive list.

Appellate Case: 25-2230    Page: 16    Date Filed: 02/02/2026 Entry ID: 5603440

When Congress enacted the "Civil Rights Attorney's Fees Awards Act of 1976," which is codified at 42 U.S.C. § 1988, the House Report referred to twelve (12) factors as set out in the case of <u>Johnson v. Georgia Highway Express, Inc</u>., 488 F.2d 714 (5th Cir. 1975). Some of the *Johnson* factors are: 1) the time and labor required; 3) the skill requisite to perform the legal service properly; 5) the customary fee; 6) whether the fee is fixed or contingent; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; and 12) awards in similar cases.

> In *Blum*, the Supreme Court broadly stated that awards of attorney fees under § 1988 should be calculated using 'market rates,' and that the 'requested rates [should be] in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience, and reputation.' *Blum*, 465 U.S. at 895-96, 896 n. 11, 104 S.Ct. at 1547-48, 1547 n. 11. More recently, the Court emphasized that the factors identified in <u>Johnson v. Georgia Highway Express, Inc</u>., 488 F.2d 714, 717-19 (5th Cir. 1974) should be used to set the reasonable number of hours and reasonable hourly rate components of the fee award formula. <u>Delaware Valley</u>, 478 U.S. at 565-66, 106 S.Ct. at 3098-99. *Delaware Valley*, *Blum*, and *Johnson* all emphasize that the skill, experience, and reputation of counsel are key factors bearing on a rate's reasonableness. Thus, to ascertain the reasonableness of the hourly rate used by the District Court to calculate the fee award, we give considerable attention to these particular characteristics of the attorneys.

<u>McDonald, et al. v. Armontrout, et al.</u>, 860 F.2d 1456, (8th Cir. 1988).

This case was tried before the Honorable Billy Roy Wilson during January 2025. However, after the case was tried, and the jury verdict was entered, Judge Wilson stepped off the case, and The Honorable D. Price Marshall stepped in to deal

with the motion for attorney's fees. Although undersigned counsel has tried cases before Judge Marshall – in particular the unitary status hearings in <u>Little Rock School District v. North Little Rock District, et al.</u>, United States District Court No. 4:82-cv-866 DPM, he did not serve as the presiding judge when this case was tried before the jury. Therefore, Judge Marshall was not in a position to assess the skill used in trying the case at bar.

Undersigned counsel is in a unique position. Civil Rights lawyers are a dying breed, especially those who represent plaintiffs. Civil rights litigants have a difficult time finding lawyers to prosecute their case, especially in Arkansas. Undersigned counsel cannot think of any lawyer, who has the experience (39 years) in trying civil rights cases such as employment discrimination and § 1983 actions in federal court. Undersigned counsel is a solo practitioner, and 90% of his practice consists of civil rights cases. Due to the complexity of these cases, and the difficulty of winning these cases, and then having to fight for your attorney's fees in the rare instance that one does win, lawyers are not eager to take on these cases, because they are not desirable. To help establish a proper market rate, undersigned counsel looked to two (2) lawyers (Kevin M. Carnie Jr. and David J. Welder) in the Missouri market. See <u>Gerling v. Waite</u>, WL 558083 (E.D.Mo. 24 Feb. 2022). [**App. 397-408, R. Doc. No. 99-1, at ID# 1912-1923**].

Undersigned counsel talked extensively about *Gerling* in the opening brief with his response to the appellant's opening brief challenging the attorney fee award, and will not be repeated herein. Counsel for Acosta simply argues that undersigned counsel should be limited to an attorney fee award that was awarded some eight to nine years ago. According to the United States Department of Labor, an hourly rate of $350.00 in March 2018, has the buying power today of $449.92. In essence, an hourly fee of $350.00 today, is only $250.00, without the adjustment for inflation.

As argued herein, it is difficult for civil rights litigants to find lawyers who are willing to prosecute their claims. Many have to forego their claims, or try to prosecute their claims *pro se*. Congress passed Section 304(d) of the Clean Air Act and 42 U.S.C. § 1988 "[t]o encourage 'citizen participation in the enforcement of standards and regulations established under this Act.' S. Rep. No. 91-1196, p. 36 (1970)." <u>Pennsylvania, et al. v. Delaware Valley Citizens' Council, for Clean Air et al.</u>, 476 U.S. 546, 560, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986).

Even when a plaintiff is able to find a lawyer willing to prosecute their claim of discrimination, they usually have to rely on inexperienced and sometimes incompetent lawyers to handle their claims. Fortunately, the plaintiff was able to secure the services of a lawyer experienced in handling civil rights cases involving these types of issues.

> Congress intended that '[i]n computing the fee, counsel for prevailing parties should be paid, as is traditional for attorneys compensated by a

15

fee-paying client, 'for all time reasonably expended on a matter.' S. Rep. No. 1011, 94th Cong. 2d Sess. 5 (1976), **reprinted in** 1976 U.S.C.C.A.N. 5908, 5913.  The primary purpose of this formulation is to promote diffuse private enforcement of civil rights laws by allowing the citizenry to monitor rights violations at their source, while imposing the costs of rights violations on the violators.  *See Id*.  A plaintiff bringing a civil rights action 'does  so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority.  If successful plaintiffs were routinely forced to bear their own attorney's fees, few aggrieved parties would be in a position to advance the public interest. . . .' *Newman v. Piggie Park Enterprise, Inc*., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968).

Casey v. City of Cabool, Mo., 12 F.3d 799, 805 (8th Cir. 1993).

In *Casey*, the plaintiff brought a civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his first amendment right of free speech when he was fired for making certain statements concerning city policies.  The plaintiff in *Casey* was awarded $18,888.00 in damages, and the court awarded him $65,987.00 in attorney's fees and $3,294.89 in costs.  The defendants appealed the lower court's award of attorney's fees.  The Eighth Circuit upheld the award of attorney's fees noting '[t]hat district court's determination respecting fees is reversible only if the court abused its discretion." Casey v. City of Cabool, Mo., 12 F.3d 799, 804 (8th Cir. 1993), *quoting*, Hendrickson v. Branstad, 934 F.2d 158 (8th Cir. 1991).

Even in situations where the plaintiff recovers a small amount, the courts still hold that the plaintiff is entitled to recover their attorney's fees.  "Moreover, we

16

Appellate Case: 25-2230     Page: 20     Date Filed: 02/02/2026 Entry ID: 5603440

recall that '[b]ecause damage awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.'" Wal-Mart Stores, Inc. v. Barton, 223 F.3d 770, 773 (8th Cir. 2000), *quoting*, City of Riverside v. Rivera, 477 U.S. 561, 574, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

> 'The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.' *Kerr v. Quinn*, 692 F.2d 875, 877 (2nd Cir. 1982). 'If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.' S.Rep. No. 94-1011, at 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910.

Woodford v. Community Action Agency, Green County, 239 F.3d 517, 525 (2nd Cir. 2001).

As previously mentioned, civil rights litigants have a difficult time in prosecuting their cases, especially those claims involving race discrimination. The vast majority of these cases are dismissed at the summary judgment stage, especially cases involving race discrimination. This poor outcome explains why it is extremely difficult for civil rights litigants to find a lawyer who is willing to take their case. When a civil rights litigant has been successful in prosecuting their claim for discrimination, then courts should be mindful that the plaintiff has vindicated a right that at one time, Congress thought was of high importance. Companies or

17

Appellate Case: 25-2230    Page: 21    Date Filed: 02/02/2026  Entry ID: 5603440

governmental entities that violate a person's civil rights should not be given a pass, when it comes time for paying attorney's fees and costs, because they are the constitutional violators.

> Section 1988 was enacted to insure that private citizens have a meaningful opportunity to vindicate their rights protected by the Civil Rights Acts. <u>Hensley v. Eckerhart</u>, 461 U. S. at 429. See S. Rep. No. 94-1011, p. 2 (1976). 'The effective enforcement of Federal civil rights statutes depends largely on the efforts of private citizens,' and unless reasonable attorney's fees could be awarded for bringing these actions, Congress found that many legitimate claims would not be redressed. H. R. Rep. No. 94-1558, p. 1 (1976).

<u>Pennsylvania, et al. v. Delaware Valley Citizens' Council, for Clean Air et al.</u>, 476 U.S. 546, 559-560, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986).

Cases involving police officers depriving citizens of their constitutional rights are certainly difficult to win. These cases are vigorously defended. If the plaintiff prevails on the motion for summary judgment, and the court rejects the officer's claim that they were entitled to qualified immunity, these cases are often taken up on an interlocutory appeal to the Eighth Circuit or other federal circuit courts of appeals. The following represents some of undersigned counsel's cases that have gone up on interlocutory appeals. *See Dwain Smith v. Conway County, Arkansas*, 759 F.3d 853 (8th Cit. 2014); *Gary Austin v. Fletcher Long*, 779 F.3d. 522 (8th Cir. 2015); *Sheldon Thompson v. City of Monticello, Arkansas*, 894 F.3d 993 (8th Cir. 2018); *Brown v. Knapp, et al.*, 75 F.4th 638 (6th Cir. 2023); *Hunt v. Acosta*, 109 F.4th 103 (8th Cir. 2024); *Humes v. Jones, et al.*, 109 F.4th 1112 (8th Cir. 2024); *Raymond*

18

Appellate Case: 25-2230     Page: 22     Date Filed: 02/02/2026 Entry ID: 5603440

*Kelley v. Faulkner County, Arkansas*, United States Court of Appeals No. 24-3084 (8th Cir. 2026). Although this Court states that interlocutory appeals should be the exception and not the rule, this has not been the experience of undersigned counsel.

> Three background principles guide our effort to decide this issue. First, the relevant statute grants appellate courts jurisdiction to hear appeals only from 'final decisions,' of district courts. 28 U.S.C. § 1291 [28 USCS § 1291]. Given this statute, interlocutory appeals—appeals before the end of district court proceedings—are the exception, not the rule. The statute recognizes that rules that permit too many interlocutory appeals can cause harm. An interlocutory appeal can make it more difficult for trial judges to do their basic job—supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary. See *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 430, 86 L.Ed.2d 340, 105 S.Ct. 2757 (1985); *Flanagan v. United States*, 465 U.S. 259, 263-264, 79 L.Ed.2d 288, 104 S.Ct. 1051 (1984); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 66 L.Ed.2d 571, 101 S.Ct. 669 (1981).

<u>Johnson v. Jones</u>, 515 U.S. 304, 309, 132 L.Ed.2d 238, 244, 115 S.Ct. 2151 (1995)

Mr. Hunt was arrested on January 28, 2019. Obviously, Mr. Hunt had difficulty finding a lawyer to prosecute his claim. Mr. Hunt filed his case *pro se* on or about January 25, 2022, which was just three (3) days shy of the statute of limitations running. Mr. Hunt almost had to forego his civil rights claim. Mr. Hunt even asked this court to appoint him counsel, but this request was denied. <u>Hunt v. Acosta</u>, United States District Court No. 2:22-CV-00017 BRW. [**R. Doc. # 6**]. On April 20, 2022, undersigned counsel entered his appearance on behalf of Mr. Hunt.

19

Undersigned counsel has spent thirty-nine (39) years fighting for the civil rights of individual citizens.

> These statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.  Instead, *the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws*. Hence, if plaintiffs, such as Delaware Valley, find it possible to engage a lawyer based on the statutory assurance that he will be paid a 'reasonable fee,' the purpose behind the fee-shifting statute has been satisfied.

Pennsylvania, et al. v. Delaware Valley Citizens' Council, for Clean Air et al., 476 U.S. 546, 559-560, 106 S. Ct. 3088, 92 L.Ed.2d 439 (1986) (emphasis added).

Again, as mentioned herein, undersigned counsel is just about the only lawyer in the State of Arkansas who regularly represents clients seeking to redress their civil rights.  Undersigned counsel has been told by several other lawyers that he is "doing the Lord's work."  These cases are difficult cases, with the vast majority of the cases getting summarily dismissed, and those that do survive, then there are the endless interlocutory appeals.  If the civil rights litigant survives the appeal, then facing a jury trial, which is also an uphill battle.  When § 1983 litigant prevails, their counsel should be awarded a "reasonable fee."  "A reasonable fee is 'adequately compensatory to attract competent counsel yet avoids producing a windfall for lawyers." Mincehella v. Brantley, United States District Court No. 2:24-cv-12680, *citing*, Gonter v. Hunt Valve Co., 510 F.3d 610, 616 (6th Cir. 2007) (*quoting* Reed

20

v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999) and Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004).  The Honorable Stephen Murphy III. awarded Attorney Kevin Kelly an hourly rate of $375.00.  Mr. Kelly had fifteen (15) years of practice.   Judge Murphy stated, "[t]he rate is reasonable in light of Attorney's Kelly's fifteen years of experience.   ECF No. 17-3. PageID.203, the prevailing market rate for employment and/or civil rights attorneys, *and similar awards in other cases in the Sixth Circuit*."  Mincehella v. Brantley, United States District Court No. 2:24-cv-12680 (E.D. Michigan October 21, 2025) (emphasis added).  The Honorable Judge Murphy did not limit the market to just the Eastern District of Michigan (where the case was tried) or the State of Michigan, but broaden his search to markets similar to lawyers who practice within the Sixth Circuit.

In that there are so few civil rights attorneys in the State of Arkansas, who regularly represent civil rights litigants, and who have the number of years as undersigned counsel, then the Court should look to other lawyers within the Eighth Circuit who prosecute civil rights cases.  In looking at the affidavits of the two Missouri lawyers – Kevin M. Carnie Jr. and David Welder, Carnie was admitted to the practice of law in the State of Missouri in 2008 according to his affidavit that he signed on December 29, 2021.  [**App. 397-402, R. Doc. 99-1, at 1-6**].  This is for a total of thirteen (13) years.  Mr. Carnie was awarded his requested hourly rate of $595.00.  David J. Welder was admitted to the practice of law in the State of Missouri

21

in 2009 according to his affidavit that he signed on December 29, 2021. [**App. 403-408, R. Doc. 99-1, at 1-6**]. This is for a total of twelve (12) years.  Again, these two (2) lawyers had twenty-five (25) years of combined legal experience. Mr. Welder was awarded his requested hourly rate of $500.00.  If a lawyer in the State of Missouri with only thirteen (13) years of experience can command an hourly rate of $595.00, then certainly a lawyer in the State of Arkansas with thirty-nine (39) years of experience, with an extensive civil rights practice and record, should be able to command an hourly rate of $425.00.

In Mr. Welder's affidavit, he mentions a young associate by the name of Paul Breer.  [**App. 406 R. Doc. 99-1, at 4**].  Mr. Breer was admitted to the practice of law in the State of Missouri in 2019 and was awarded an hourly rate of $350.00, at a time when he only had two (2) years of experience and played a minor role in the case of Wayne Gerling v. City of Hermann, Missouri, et al., United States District Court No. 4:17-CV-2702-JAR.  In the case at bar, Judge Marshall awarded a lawyer with thirty-nine (39) years of experience, the same rate as a lawyer in the State of Missouri with only two (2) years of experience - $350.00 per hour.

CONCLUSION

On cross appeal, Hunt asserts that the trial court abused its discretion in reducing the hourly request of $425.00 to $350.00.  Judge Marshall did not preside over the trial of Mr. Hunt.  Judge Billy Roy Wilson was the presiding judge from the

22

Appellate Case: 25-2230     Page: 26     Date Filed: 02/02/2026 Entry ID: 5603440

initial date when Mr. Hunt filed his *pro se* complaint, through summary judgment motions, interlocutory appeal on qualified immunity, and the trial that took place in January 2025. However, Judge Wilson stepped off the case, and the case was then assigned to Judge D. Price Marshall, who dealt with the request for attorney's fees. This Court should reverse Judge Marshall's decision to limit undersigned counsel to $350.00 per hour, and award the requested hourly rate of $425.00 per hour.

Respectfully submitted,

/s/ Austin Porter Jr.
**/s/ Austin Porter Jr.**
Bar Number 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1300
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
E-mail: Aporte5640@aol.com

CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was served on opposing counsel by placing a copy of the same in the United States Mail with sufficient prepaid 1st class postage on this 28th day of January 2026, and that same was sent to the following:

Matthew Keith Wren
11300 Executive Center Drive
Suite A
Little Rock, Arkansas 72211

Email: mkwren@wrenlawfirm.com

23

/s/ Austin Porter Jr.
**/s/Austin Porter Jr.**

## VERIFICATION

I do hereby certify that the Brief has been scanned for viruses, and that the Brief is virus-free.

/s/ Austin Porter Jr.
**/s/Austin Porter Jr**.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure, this is to certify that this Brief of proportionately spaced typeface is 14 point Times New Roman.  Pursuant to Rule 32(a)(7)(B) and (C), this Brief does not exceed 13,000 words, and actually contains 5,295 words inclusive, per the word count of the word-processor system used to prepare this Brief.  This Brief was prepared using MS Word® Office 365 - 2023.

/s/ Austin Porter Jr.
**/s/Austin Porter J**

24